■ MARJORIE M. NOLAN, Appellant, v ROBERT K. NOLAN, Respondent. —Order unanimously reversed, with costs, to plaintiff and matter remitted to Special Term for reconsideration in accordance with the following memorandum: In his affidavit in support of his motion herein for exclusive occupancy of the residence of the parties and for an order finding plaintiff in contempt of court for violating the order of December 13, 1976, directing sale of said property and a division of the proceeds between the parties and restricting any withdrawal from a certain $5,000 joint bank account to be used for construction of a breakwall on said premises, defendant further requested an order "directing the plaintiff * * * to redeposit all funds withdrawn [by plaintiff] from the above bank account * * *, to be held for the purposes of establishing said bank account *or in the alternative,* directing the plaintiff * * * to accept the sum of $9,000.00 for the purchase of the property less the sum of $5,000.00 which has been deducted from the account and to execute a deed to your deponent [for] the transfer of the said property" (emphasis added). In opposition to defendant's motion and in support of her cross motion for modification of the underlying judgment of divorce dated October 29, 1975 plaintiff avers that facts have been discovered since entry of that judgment, which facts relate to "the disbursement of $1,164.71 of the original $5,000 loan proceeds as well as the question of plaintiff's continuing joint obligation for the loan amount"; plaintiff excuses her withdrawal of funds from said account and asserts that on advice of counsel the funds withdrawn have been redeposited. Defendant has not denied the latter statement. There was nothing in the record to inform Special Term what the alleged newly discovered evidence revealed with respect to the $1,164.71 of the original $5,000 bank account, and we perceive no error at Special Term in not granting plaintiff's motion to refer the motions to the Justice who granted the judgment of divorce. In light of defendant's alternative request, however, that plaintiff be ordered to redeposit the $5,000 or give him credit therefor on defendant's purchase price of $9,000 for plaintiff's interest in the residence property, and the undenied allegation that plaintiff has redeposited the $5,000, the court erred in failing to give plaintiff credit therefor without further inquiry as to the truth of such allegation. Plaintiff also contends that since the $5,000 bank account arose from a Small Business Administration loan or grant for use in repairing damage to the residence realty, or protecting the property from

further damage by high lake water, and since under the terms of the grant defendant's obligation to repay the $5,000 was canceled, such grant accrued equally to the parties, and the court should give plaintiff credit accordingly in adjusting the equitable interests of the parties in the residence. Since this matter is being remitted for reconsideration, Special Term should give due consideration to the respective rights of the parties in this regard. The remission is also without prejudice to an application by plaintiff to reopen the judgment of divorce to establish her claim on alleged newly discovered evidence that the original judgment of divorce erroneously assumed that there was $5,000 in the joint bank account, whereas $1,167.71 thereof had previously been withdrawn. If such be the fact, the court should also determine who made the withdrawals and for what purposes and whether such facts, if established, are material with respect to the previous dispositions. (Appeal from order of Monroe Supreme Court—modify divorce decree.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.